30 F.3d 135
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lamont MOORE, Defendant-Appellant.
 No. 93-2167.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 Before: MILBURN and BATCHELDER, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Lamont Moore appeals his federal conviction of one count of bank robbery, a violation of 18 U.S.C. Sec. 2113(a). The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 The National Bank of Detroit was robbed on September 30, 1991. A teller, Jessie Summerville, testified that a man approached her window and asked her when the bank would close. The man returned a few minutes later and handed her a note which indicated that he was robbing the bank. The robber fled after Summerville gave him $1,230. Summerville identified Moore as the robber in a police line-up and also at trial. In addition, Summerville authenticated an enlarged photocopy of the hold-up note. Tellers from two other banks authenticated copies of similar notes that they had received during the attempted robbery or robbery of their banks on September 9, 1991 and October 15, 1991.
 
 
 3
 A jury convicted Moore of the National Bank robbery. On September 7, 1993, the district court sentenced him to a term of 96 months of imprisonment and two to three years of supervised release as a result of this conviction. It is from this judgment that Moore now appeals.
 
 
 4
 Moore first argues that the trial court should have declared a mistrial or given a cautionary instruction when the prosecution commented in its opening statement on his state plea bargain to the October 15th robbery. He argues that the jurors could have inferred that he had also committed an attempted robbery on September 9th because the prosecution stated that those charges were dismissed in exchange for his guilty plea. This claim is not supported by the record. The district court did not abuse its discretion here because it was stipulated that Moore had pleaded guilty to the October 15th robbery and because the prosecution did not tell the jury that the September 9th charges had been dismissed as part of that plea. Moreover, some evidence regarding the other robberies was admissible under Fed.R.Evid. 404(b). See United States v. Woods, 613 F.2d 629, 635 (6th Cir.), cert. denied, 446 U.S. 920 (1980).
 
 
 5
 Moore next argues that the trial court erred when it admitted evidence regarding the September 9th and October 15th robberies. In particular, he objects to the testimony of the tellers from the other banks as well as to the admission of copies of the hold-up notes that they received. To be admissible under Rule 404(b), this evidence must be relevant to a material issue other than Moore's character and it must have more probative value that prejudicial impact. United States v. Wynn, 987 F.2d 354, 356 (6th Cir.1993).
 
 
 6
 The disputed evidence satisfies both of these tests. It was relevant to the credibility of Summerville's testimony which identified Moore as the robber because the three crimes were substantially similar in several respects. In each case, the robber handed a teller a note that demanded money in 25 seconds, threatened that people would "start dieing" [sic] if the demand was not met, and misspelled the word "dieing" in the same way. Moreover, the three robberies were all committed in the same area of Detroit within a short period of time. Finally, the potential prejudice from admitting the disputed evidence was outweighed by its probative value in corroborating Summerville's testimony which identified Moore as the robber. Therefore, the trial court did not abuse its discretion by admitting evidence regarding the other robberies under Rule 404(b). See Wynn, 987 F.2d at 357; United States v. Hamilton, 684 F.2d 380, 385 (6th Cir.), cert. denied, 459 U.S. 976 (1982).
 
 
 7
 Moore argues that the trial court erred by admitting copies of the hold-up notes rather than the originals. In particular, he argues that the prosecution did not show that the originals were unavailable and that there may have been differences in handwriting and the types of paper and ink used that would only be apparent in the originals. "A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Fed.R.Evid. 1003.
 
 
 8
 Moore has not shown that duplicates of the notes were inadmissible for either of these reasons. The prosecution elicited testimony which indicated that the originals had been destroyed, and the copies were authenticated by the tellers who received the originals. Furthermore, Moore was not unduly prejudiced by his inability to compare the appearance of the originals because the prosecution's proof was based solely on the content of the notes, which was confirmed by the tellers. See United States v. Bakhtiar, 994 F.2d 970, 978-79 (2d Cir.), cert. denied, 114 S.Ct. 554 (1993); United States v. McGaughey, 977 F.2d 1067, 1071 (7th Cir.1992), cert. denied, 113 S.Ct. 1817 (1993).
 
 
 9
 Accordingly, the district court's judgment is affirmed.